**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Yolando A. Burgess, Respondent,

v.

Shawneil Burgess, Appellant.

Appellate Case No. 2011-197206

———————————

Appeal From Richland County
Gwendlyne Y. Smalls, Family Court Judge

———————————

Unpublished Opinion No. 2012-UP-670
Heard October 2, 2012 – Filed December 12, 2012

———————————

**AFFIRMED**

———————————

Mary P. Miles, of Law Office of Mary P. Miles, of
Cayce, for Appellant.

Carol M. Elliott, of Columbia, for Respondent.

———————————

**PER CURIAM:** Shawneil Burgess appeals the family court's order finding him in contempt, arguing the family court erred in finding (1) service of process was proper and (2) he was in contempt before hearing his motion to dismiss for improper service of process. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the family court erred in finding service of process was proper: Rule 4(c), SCRCP ("Service of all other process shall be made by the sheriff or his deputy or any other duly constituted law enforcement officer *or by any person designated by the court who is not less than eighteen (18) years of age and not an attorney in or a party to the action.*" (emphasis added)); *Bryson v. Bryson*, 378 S.C. 502, 510, 662 S.E.2d 611, 615 (Ct. App. 2008) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority.").

2.  As to whether the family court erred in finding Burgess in contempt before hearing his motion to dismiss for improper service of process: *Miller v. Miller*, 375 S.C. 443, 452, 652 S.E.2d 754, 759 (Ct. App. 2007) ("An appellate court should reverse a decision regarding contempt only if it is without evidentiary support or the trial [court] has abused his discretion." (internal quotation marks omitted)); *id.* ("A determination of contempt is a serious matter and should be imposed sparingly; whether it is or is not imposed is within the discretion of the trial [court], which will not be disturbed on appeal unless it is without evidentiary support."); *id.* at 454, 652 S.E.2d at 760 ("[B]efore a court may find a person in contempt, the record must clearly and specifically reflect the contemptuous conduct."); *id.* ("Once the moving party has made out a prima facie case, the burden then shifts to the respondent to establish his or her defense and inability to comply with the order."); *Bryson*, 378 S.C. at 510, 662 S.E.2d at 615 ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority.").

**AFFIRMED.**[1]

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.